IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| LACHONNE BELL,<br>    Plaintiff, | *<br>*<br>* | |
| vs. | * | No. 5:97CV00125 |
| | * | |
| ALLSTATE LIFE INSURANCE CO.<br>and SEARS ROEBUCK CO.,<br>    Defendants. | *<br>*<br>* | |

ORDER
---

On March 20, 1997, Lachonne Bell commenced this diversity case seeking life insurance benefits. On November 26, 1997, the Court granted summary judgment in favor of defendants, denied Bell's motion to amend, and dismissed the case with prejudice. On December 14, 1998, the Eighth Circuit affirmed the grant of summary judgment and denial of Bell's motion to amend. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452 (8th Cir. 1998).

Now before the Court is Bell's motion for reconsideration, filed on September 11, 2007. Bell states that she received incompetent representation in this case and that her lawyer failed to file motions and responses in a timely manner. A litigant in a civil proceeding has no constitutional or statutory right to effective assistance of counsel. Further, a person who selects counsel generally cannot thereafter avoid the consequences of her counsel's acts or omissions. *See Pioneer Inv. Services Co. v. Brunswick Assocs.*, 113 S. Ct. 1489, 1499 (1993)(holding that, consistent with a system of representative litigation, clients are bound by the acts of their lawyer-agents); *see also Link v. Wabash R. Co.*, 82 S. Ct. 1386, 1396 (1962)(holding that clients are held

accountable for the acts and omissions of their attorneys).

Plaintiff presents no permissible basis for altering the judgment in this case, and the motion for reconsideration (docket entry #30) is DENIED.

IT IS SO ORDERED THIS 17TH DAY OF SEPTEMBER, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE