UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LACHONNE BELL**                                                                         **PLAINTIFF**

v.                                    **CASE NO. 5:97cv00125 BSM**

**ALLSTATE LIFE INSURANCE COMPANY**
**and SEARS ROEBUCK & COMPANY**                                           **DEFENDANTS**

## ORDER

Plaintiff Lachonne Bell ("Bell") moves to vacate judgment. [Doc. No. 53]. Defendants Allstate Life Insurance Company ("Allstate") and Sears Roebuck & Company ("Sears") oppose. The motion is denied.

Bell filed her original complaint seeking insurance benefits on March 20, 1997. Allstate and Sears filed a motion for summary judgment and Bell filed a motion to amend. The motion for summary judgment was granted and the motion to amend was denied. Bell appealed and the Eighth Circuit Court of Appeals affirmed both the order granting summary judgment and the order denying the motion to amend. Bell subsequently filed a motion for reconsideration on September 11, 2007, claiming that she received incompetent representation from Richard Quiggle ("Quiggle"), an attorney who is now deceased. The motion was denied and Bell appealed. The Eighth Circuit summarily affirmed the district court's denial. Bell now moves to vacate judgment.

In her motion Bell maintains that judgment should be vacated under Federal Rule of Civil Procedure 60(b)(6) due to the negligence of Quiggle. Bell specifically refers to Quiggle's failure to timely file the motion to amend. She also states that Quiggle never

informed her of Allstate and Sears's motion for summary judgment, the failed attempt to amend the complaint or the dismissal of her action. Federal Rule of Civil Procedure 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Bell seems to concede that allegations of mere neglect on the part of counsel usually come under subsection (1). Motions brought under subsection (1), however, must be made within a year of the judgment. Bell's motion was filed over thirteen years after judgment was entered. She therefore relies on the catch-all provision of subsection (6).

Relief under subsection (6) is available only in extraordinary circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). To support her allegation that Quiggle's neglect rises to the level of extraordinary circumstances, Bell cites to *Community Dental Servs. v. Tani*, 282 F.3d 1170 (9th Cir. 2002). In *Tani*, the Ninth Circuit Court of Appeals, held that gross

negligence on the part of counsel constituted extraordinary circumstances. Such extraordinary circumstances warranted the setting aside of a default judgment under Fed. R. Civ. P. 60(b)(6). Bell's reliance on *Tani* is misplaced. First, the situation in *Tani* involved a default judgment, not a summary judgment. Bell argues that her summary judgment was akin to a default judgment because she was denied her day in court. That argument, however, fails because she responded to the motion for summary judgment and provided briefs to the Eighth Circuit on appeal.

Second, the actions taken by counsel in *Tani* were far more egregious than those taken by Quiggle. Counsel in *Tani* failed to ever provide opposing counsel with an answer to the complaint, ignored court orders to contact opposing counsel for settlement purposes, failed to respond to motions and did not attend hearings. Quiggle's actions do not rise to the level of gross negligence. Furthermore, the issue of Quiggle's negligence was addressed in Bell's motion for reconsideration. As stated above, that motion was denied and the Eighth Circuit summarily affirmed. Relief under Fed. R. Civ. P. 60(b)(6) is not available to Bell.

Accordingly, Bell's motion to vacate [Doc. No. 53] is denied.

IT IS SO ORDERED this 25th day of April, 2011.

                                                _____
                                                UNITED STATES DISTRICT JUDGE